TIMOTHY WALTON (State Bar No. 184292)
WALTON & ROESS LLP
407 S. California Avenue, #8
Palo Alto, CA 94306-1833
Telephone: (650) 566-8500
Facsimile: (650) 618-8687

JAY R. HENNEBERRY (State Bar No. 135065)
jhenneberry@chadbourne.com
SUSAN M. ST. DENIS (State Bar No. 149636)
sst.denis@chadbourne.com
CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071
Telephone: (213) 892-1000
Facsimile: (213) 622-9865

Attorneys for Plaintiff,
HYPERTOUCH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HYPERTOUCH, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS, INC., a Virginia Corporation, VICT. TH. ENGWALL & CO., INC., a Delaware Corporation,<br><br>Defendants. | Case No. C 05-01589 PJH<br><br>**STIPULATION AND CONFIDENTIALITY AGREEMENT AND [~~PROPOSED~~] ORDER THEREON**<br><br>Hearing Date:  None Requested<br>Before the Honorable Phyllis J. Hamilton |

WHEREAS, the parties to the above captioned action are conducting discovery;

WHEREAS, the parties intend to make available certain documents in their possession, custody or control;

WHEREAS, the parties desire, by entering into this stipulation, to preserve the confidentiality of certain information made available by the parties;

IT IS THEREFORE STIPULATED AND AGREED THAT:

1. Any documents made available or produced by any of the parties, documents provided in response to discovery requests, electronic document or file, deposition testimony, written response to discovery, or other material produced or otherwise disclosed during this litigation (and any copies, summaries, or abstracts of such materials) relating to such documents, may be designated by the producing party as "CONFIDENTIAL MATERIAL" within the confidentiality provisions of this Stipulation and Confidentiality Agreement.

2. No CONFIDENTIAL MATERIAL shall be made public by the receiving party or divulged to anyone other than as set forth herein.

3. A party producing CONFIDENTIAL MATERIAL shall separately mark each page containing CONFIDENTIAL MATERIAL with an appropriate legend, such as "Confidential Subject to Protective Order entered by United States District Court." If a document includes both CONFIDENTIAL MATERIAL and non-confidential material, the party shall only mark those pages that include CONFIDENTIAL MATERIAL. If a party inadvertently fails to mark a page of a document containing CONFIDENTIAL MATERIAL at the time of production, it may correct its failure in writing, accompanied by substitute copies of each such item appropriately marked CONFIDENTIAL.

4. CONFIDENTIAL MATERIAL shall be treated by each receiving party as confidential unless and until the Court rules to the contrary or the designating party agrees otherwise. Unless and until the Court rules or the designating party otherwise agrees, and except as set forth in Paragraph 6 herein, access to or disclosure of CONFIDENTIAL MATERIAL shall be limited to the following persons, subject to the qualification provisions of Paragraph 5:

|     |     |     |
| --- | --- | --- |
| 1   | (a) | the Court and those employed by the Court, in which event such |
| 2   |     | information shall be filed under seal (and kept under seal until |
| 3   |     | further order of the Court); |
| 4   | (b) | each of the named parties to the litigation who have, through |
| 5   |     | their respective counsel, signed this Stipulation (or who have |
| 6   |     | accepted the terms of this Stipulation by their counsel's |
| 7   |     | execution of Exhibit A hereto), including any representative of |
| 8   |     | the party (officers, directors, partners, employees) assisting in |
| 9   |     | the prosecution or the defense of the litigation, and such party's |
| 10  |     | counsel, including the clerical, secretarial, and paralegal staff |
| 11  |     | employed by such counsel; |
| 12  | (c) | court reporters and employees of court reporters engaged by |
| 13  |     | counsel to record and transcribe testimony in this litigation, and |
| 14  |     | translators engaged for any purpose in this litigation; |
| 15  | (d) | experts and consultants assisting in the prosecution or the |
| 16  |     | defense of the litigation, plus their clerical and secretarial staff; |
| 17  |     | and |
| 18  | (e) | persons from whom testimony is taken or is to be taken in the |
| 19  |     | litigation, either in a deposition or at trial, provided that |
| 20  |     | CONFIDENTIAL MATERIAL may be disclosed to such |
| 21  |     | persons only in preparation for, review of, or in the course of his |
| 22  |     | or her testimony, and that such person not retain such |
| 23  |     | CONFIDENTIAL MATERIAL after his or her testimony is |
| 24  |     | concluded. |

25  5.  Counsel desiring to qualify a person or persons to receive
26  CONFIDENTIAL MATERIAL under paragraph 4(c), 4(d) or 4(e) shall first obtain
27  from each person a signed undertaking in the form of Exhibit A hereto.

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1  6. Should any non-party serve a subpoena calling for the production of any CONFIDENTIAL MATERIAL to any party or counsel for a party who has received such material, the subpoenaed party in such instance shall provide notice to the party that designated the material as confidential by promptly transmitting a copy of the subpoena via facsimile to the designating party.  It shall be the obligation of the designating party, prior to the response date on the subpoena, to seek a protective order or any other appropriate relief from the Court if the designating party wishes to maintain the confidentiality of the material.  A designating party that fails to seek judicial relief to preclude the disclosure of any CONFIDENTIAL MATERIAL in response to a subpoena shall be deemed to have waived any claim of confidentiality with respect to such material.

7. In the case of depositions, if counsel for a party believes that a portion or all of the deposition constitutes CONFIDENTIAL MATERIAL, counsel may so state on the record and may request that the specific pages which include such CONFIDENTIAL MATERIAL be included in a separate sealed portion of the transcript.  The reporter, who shall first have agreed to abide by the terms of this Stipulation and Confidentiality Agreement, shall be instructed to include on the cover page of each sealed portion the legend:  **"This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."**

8. When testimony designated as confidential is elicited during a deposition, persons not entitled to receive such information under the terms of this Stipulation and Confidentiality Agreement shall be excluded from the deposition.  Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as CONFIDENTIAL MATERIAL on the record at the deposition may do so within ten (10) court days following mailing of the transcript by the court reporter to that counsel.  Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

the transcript that constitute CONFIDENTIAL MATERIAL and directing the reporter to place the same under seal as provided in Paragraph 7 herein.

9.  In the event a party wishes to file any CONFIDENTIAL MATERIAL with the Court for any purpose, the party shall comply with Judge Hamilton's Standing Order For Cases Involving Sealed or Confidential Documents.

10. If a party fails to file information under seal, any person who in good faith believes that filing under seal is required to protect its interests may move to file the materials in accordance with Judge Hamilton's Standing Order For Cases Involving Sealed or Confidential Documents.

11. Nothing in this Stipulation and Confidentiality Agreement shall be construed as a waiver of the right of any party to object to the taking or the admissibility of any testimony or other evidence where such objection is based on a ground or grounds other than that the testimony or evidence involves CONFIDENTIAL MATERIAL.

12. The acceptance by a party of CONFIDENTIAL MATERIAL shall not constitute an admission or concession or permit an inference that the CONFIDENTIAL MATERIAL is, in fact, confidential.  Should any other party object in good faith to such designation, that party may notify the designating party or parties in writing of such objection, specifying the basis thereof.  The parties shall then negotiate in good faith to attempt to resolve their dispute regarding the confidentiality of the subject materials.  Should such meet-and-confer effort fail, the designating party may then apply to this Court for a protective order covering the designated information.  Pursuant to Judge Hamilton's Standing Order For Cases Involving Sealed or Confidential Documents, the designating party shall bear the burden of establishing the confidentiality of any material designated as CONFIDENTIAL MATERIAL.  The information which is the subject of such dispute shall continue to be treated as confidential subject to this Stipulation and Confidentiality Agreement for a period of ten (10) court days following written

1 notice of objection unless a motion for a protective order is filed within that time, in
2 which case the information shall be treated as confidential pending the outcome of
3 such motion.  In the absence of such a motion, the documents or information shall
4 not be treated as confidential upon the expiration of (10) court days after written
5 notice of objection.

6       13. This Stipulation and Confidentiality Agreement shall not prevent a
7 party from applying to the Court for relief therefrom, or from applying to the Court
8 for further or additional protective orders.

9       14. Nothing in this Stipulation and Confidentiality Agreement shall
10 preclude any person or entity from disclosing or using, in any manner or for any
11 purpose, any information or document if that information or document is lawfully
12 obtained from a third party under no obligations of confidentiality with respect
13 thereto and having the right to disclose such information.

14       15. Pursuant to Judge Hamilton's Standing Order For Cases Involving
15 Sealed or Confidential Documents, in the event that this litigation proceeds to trial,
16 all of the information that has been designated as CONFIDENTIAL MATERIAL
17 and/or kept and maintained pursuant to the terms of this Stipulation and
18 Confidentiality Agreement will become public and will be presumptively available
19 to all members of the public, including the press, absent a showing of "most
20 compelling" reasons as to why the information should remain confidential.

21       16. The restrictions on use of CONFIDENTIAL MATERIAL set forth in
22 this Stipulation and Confidentiality Agreement shall survive the conclusion of this
23 litigation and, after conclusion of this litigation, the Court shall exercise limited
24 jurisdiction for the purpose of enforcing this Stipulation and Confidentiality
25 Agreement.

26       17. In the event a party or third party which designates CONFIDENTIAL
27 MATERIAL fails to satisfy a judgment against it rendered in this action or declares
28 bankruptcy, that party's designation as CONFIDENTIAL MATERIAL as to any

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

1   information and documents shall be deemed withdrawn.

2        18.   Inadvertent production of a document by a party or a third party will
3   not constitute a waiver of privilege. Nothing contained herein shall require the
4   disclosure or dissemination of privileged material or information.

5   / / /

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000

19. The terms of this Stipulation and Confidentiality Agreement shall be effective and binding upon a party upon the signature of its counsel below.

20. This Stipulation and Confidentiality Agreement may be executed in counterparts and by facsimile signatures.

Dated: March 30, 2006          Walton & Roess LLP

                               By    /S/
                                  Timothy Walton
                               Attorneys for Plaintiff,
                               HYPERTOUCH, INC.

Dated: March 30, 2006          Chadbourne & Parke LLP

                               By    /S/
                                  Susan M. St. Denis
                               Attorneys for Plaintiff,
                               HYPERTOUCH, INC.

Dated: March 30, 2006          Perkins Coie LLP

                               By    /S/
                                  Esha Bandyopadhyay
                               Attorneys for defendants,
                               KRAFT FOOD INC. and VICT. TH.
                               ENGWALL & CO.

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

                               By:    /S/
                                  Susan M. St. Denis

Pursuant to the foregoing Stipulation and for good cause shown, IT IS SO ORDERED.

Dated: March  31 , 2006        By: _____
                               Hon. Phyllis J. Hamilton
                               United States District Court Judge

*IT IS SO ORDERED — Judge Phyllis J. Hamilton*

STIPULATION AND CONFIDENTIALITY AGREEMENT AND [PROPOSED] ORDER THEREON
C 05-01589 PJH

LA1 - 105607.01

*Chadbourne & Parke LLP, 350 South Grand Avenue, Suite 3300, Los Angeles, CA 90071 (213) 892-1000*

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HYPERTOUCH, INC., a California corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>KRAFT FOODS, INC., a Virginia Corporation, VICT. TH. ENGWALL & CO., INC., a Delaware Corporation,<br><br>         Defendants. | Case No.  C 05-01589 PJH |

UNDERTAKING OF _____

I, _____, being duly sworn, state that:

1.     My present address is _____. My present employer is _____, and the address of my present employer is _____. My present occupation is _____.

2.     I have received a copy of the Stipulation and Confidentiality Agreement Regarding Documents Produced by _____ in this action.  I have carefully read and understand the provisions of the Stipulation and Confidentiality Agreement.

3.     I will comply with all of the provisions of the Stipulation and Confidentiality Agreement.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Confidentiality Agreement, and will use only for purposes of this action, any CONFIDENTIAL MATERIAL, including the substance and any copy, summary, abstract, excerpt, index or description of such

**CHADBOURNE & PARKE LLP**
350 South Grand Avenue, Suite 3300
Los Angeles, CA  90071 (213) 892-1000

1  material that is disclosed to me.

2      4.    I will return all CONFIDENTIAL MATERIAL that comes into my

3  possession and all documents and things that I have prepared relating thereto, to

4  counsel for the party by whom I am employed or retained or from whom I received

5  such material when requested to do so.

6      5.    I understand that if I violate the provisions of the Stipulation and

7  Confidentiality Agreement I will be subject to sanctions by the Court and that the

8  parties to the agreement and to this litigation, or any one of them, may assert other

9  remedies against me. I hereby submit to the jurisdiction of the United States

10 District Court for the Northern District of California for the purpose of enforcement

11 of the Stipulation and Confidentiality Agreement in this action.

12 Dated: _____     _____

13                               Print Name _____

CHADBOURNE & PARKE LLP
350 South Grand Avenue, Suite 3300
Los Angeles, CA 90071 (213) 892-1000